# IN THE COURT OF APPEALS OF IOWA

No. 14-2141
Filed November 25, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**GREGORY STANLEY O'NEAL TOLSON SR.,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Douglas F. Staskal, Judge.


        Gregory Stanley O'Neal Tolson appeals his convictions following a guilty plea to four counts of lascivious conduct with a minor. **AFFIRMED.**


        Mark C. Smith, State Appellate Defender, and Nan Jennisch, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Linda Hines, Assistant Attorney General, for appellee.


        Considered by Danilson, C.J., and Vogel and Tabor, JJ.

**VOGEL, Judge.**

Gregory Stanley O'Neal Tolson appeals his convictions following a guilty plea to four counts of lascivious conduct with a minor. He argues his plea was not knowing and voluntary because the district court did not adequately advise him of the special sentence that would be imposed pursuant to Iowa Code section 903B.2 (2013), as required by Iowa Rule of Criminal Procedure 2.8(2)(b)(2). Alternatively, he claims trial counsel was ineffective for failing to challenge his guilty plea on this basis. We conclude Tolson failed to preserve error with regard to the merits of his argument. Nonetheless, counsel was not ineffective for failing to challenge the guilty plea on the basis of the court's failure to advise Tolson of the maximum penalties, given the court substantially complied with Iowa Rule of Criminal Procedure 2.8(2)(b)(2) and informed him of the consequences of Iowa Code section 903B.2. Consequently, we affirm Tolson's convictions.

The State charged Tolson—as amended—with four counts of lascivious conduct with a minor, a serious misdemeanor in violation of Iowa Code section 709.14. On October 29, 2014, Tolson admitted to having his daughters—T.T. (age six) and A.T. (age twelve)—partially disrobe in order to satisfy his sexual desires. He stated this happened with each of the girls on at least two occasions.

On November 13, 2014, Tolson filed a motion in arrest of judgment challenging his plea, asserting he "did not understand the plea colloquy and process." The State orally resisted. On December 12, 2014, Tolson took the stand, asserting his innocence and proclaiming he was generally confused by the

plea process. The district court found Tolson had simply "changed his mind," which was not sufficient to require his otherwise knowing-and-voluntarily-entered guilty plea set aside. Tolson was then sentenced to one year on each count, to run consecutively, and a no-contact order was issued in favor of the minor children for a period of five years. The court also imposed the special sentence pursuant to Iowa Code section 903B.2, ordering Tolson to register as a sex offender and placing him under supervision as if on parole for a period of ten years following completion of his incarceration. Tolson appeals.

We review challenges to the guilty plea for correction of errors at law. *State v. Tate*, 710 N.W.2d 237, 239 (Iowa 2006). We review ineffective-assistance-of-counsel claims de novo. *Id.*

Tolson first argues the district court failed comply with Iowa Rule of Criminal Procedure 2.8(2)(b)(2)[1] when it did not advise him of the special sentence it was required to impose pursuant to Iowa Code section 903B.2. The State responds Tolson failed to preserve error, and we agree. Though Tolson filed a motion in arrest of judgment, the rule 2.8(2)(b)(2) argument he urges on appeal was not presented to the district court.[2] Therefore, the court did not address this issue, and we need not address the merits on appeal. *See Lamasters v. State*, 821 N.W.2d 856, 864 (Iowa 2012) (holding that, for error to be preserved, the party must present the argument to the district court, which must then rule on the issue).

---

[1] This section requires the district court to inform the defendant of "[t]he mandatory minimum punishment, if any, and the maximum possible punishment provided by the statute defining the offense to which the plea is offered." Iowa R. Crim. P. 2.8(2)(b)(2).

[2] Tolson's written motion in arrest of judgment asserted he "did not understand the plea colloquy and process" and "no longer desires to enter a guilty plea."

Alternatively, Tolson reframes this argument as an ineffective-assistance claim, asserting trial counsel should have included in the motion in arrest of judgment the asserted deficiency of the court's deficiency regarding the Iowa Code section 903B.2 portion of the sentence. To succeed on this claim, Tolson must show counsel breached an essential duty and that he was prejudiced by counsel's error. *See State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006).

Iowa Code section 903B.2 states, in part, that:

> A person convicted of a misdemeanor or a class "D" felony offense under chapter 709, section 726.2, or section 728.12 shall also be sentenced, in addition to any other punishment provided by law, to a special sentence committing the person into the custody of the director of the Iowa department of corrections for a period of ten years, with eligibility for parole as provided in chapter 906. The board of parole shall determine whether the person should be released on parole or placed in a work release program. The special sentence imposed under this section shall commence upon completion of the sentence imposed under any applicable criminal sentencing provisions for the underlying criminal offense and the person shall begin the sentence under supervision as if on parole or work release . . . . The revocation of release shall not be for a period greater than two years upon any first revocation, and five years upon any second or subsequent revocation.

When advising Tolson of the penalties associated with his plea, the district court stated:

> There are what we call collateral consequences to a guilty plea for this type of crime I am going to go through those collateral consequences with you. They are as follows: First of all, you will be subject to an additional special sentence after the expiration of this sentence during which you can be supervised as though you are on probation for ten years. You will be subject to the requirements of the Iowa Sex Offender Registry law and you will be subject to certain restrictions about where you can reside under that law.
> . . . If you are required to and fail to complete the sexual offender treatment program, you will be required to serve 100 percent of your sentence before you could be released from jail.
> You are subject to, potentially because of the conviction, civil commitment as a sexually violent predator and this charge is what

is defined under the law as sexual predator offense. The significance of that is that if you are convicted in the future of another similar offense, the punishment for the subsequent future offense will be enhanced, in other words, it would be more severe than the punishment for this charge.

Following this colloquy, Tolson indicated he understood the consequences of a guilty plea.

We "apply a substantial compliance standard in assessing whether the trial court has adequately informed the defendant of the items listed in" rule 2.8(2)(b). *State v. Loye*, 670 N.W.2d 141, 150 (Iowa 2003). The record on appeal demonstrates the court satisfied this requirement, as it informed Tolson of the correct, maximum penalties following a plea of guilty. Tolson then indicated he understood. Though the precise language of section 903B.2 was not used, its penalties were nonetheless conveyed to Tolson. Consequently, his plea was entered knowingly and voluntarily, as the record demonstrates the court substantially complied with the requirement that Tolson be informed of the penalties imposed by Iowa Code section 903B.2. *See id.*; *see also* Iowa R. Crim. P. 2.8(2)(b)(2).

Trial counsel is not ineffective for failing to pursue a meritless issue. *State v. Greene*, 592 N.W.2d 24, 29 (Iowa 1999). Pursuant to the above analysis, counsel had no duty to present the rule 2.8(2)(b)(2) claim, given it was a meritless argument. Consequently, we affirm Tolson's convictions.

**AFFIRMED.**